126 F.3d 1433
 Iso NAHNKEN of Nett Salvador Iriarte, Petitioner,
v.
UNITED STATES of America, Ruby Etscheit, Renee Etscheit
Varner, Yvette Etscheit Adams, and Pohnpei Public
Lands Board of Trustees, Respondents.
 Misc. No. 495.
 United States Court of Appeals,
Federal Circuit.
 Sept. 18, 1997.
 
 Joseph Gabriel Diaz, Foster & Associates, Oakland, CA, for petitioner.
 John C. Erickson, III, Attorney, Department of Justice, Washington DC, for United States of America. Of counsel is David M. Cohen, Director, Department of Justice, Washington, DC.
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 Iso Nahnken of Nett Salvador Iriarte moves for reconsideration of the court's April 7, 1997 order that dismissed Iso Nahnken's petition for certification. The United States submits a response.
 
 I.
 BACKGROUND
 
 2
 In 1994, Iso Nahnken filed a complaint for damages in the Supreme Court of the Federated States of Micronesia's Trial Division, alleging that various defendants, including the United States as trustee of the land, had deprived him of the use and possession of certain land in the Nett Municipality, State of Pohnpei, Federated States of Micronesia. Iso Nahnken, an honorary Pohnpeian leader, claimed that the land was owned by his forebears and that title to the land was wrongfully transferred to the Etscheit family. The trial court dismissed Iso Nahnken's complaint, and Iso Nahnken appealed. The Supreme Court of the Federal States of Micronesia's Appellate Division determined, inter alia, that Iso Nahnken's claims against the United States were either barred by the running of the applicable statute of limitations or that Iso Nahnken had failed to state a claim on which relief could be granted.
 
 
 3
 On November 15, 1996, Iso Nahnken filed a "notice of appeal" in the Micronesian court directed to this court. The Chief Clerk of the Supreme Court returned the notice of appeal to Iso Nahnken, stating that the "U.S. Court of Appeals for the Federal Circuit has no jurisdiction over appeals from decisions of the FSM Supreme Court Appellate Division, and I have no authority to accept pleadings on behalf of that Court." Iso Nahnken petitioned this court for certification.
 
 
 4
 Iso Nahnken argued in his petition that a certain provision of the Compact of Free Association Act of 1985, Title II, § 201, Pub.L. No. 99-239, 99 Stat. 1770 (1986) (appears at 48 U.S.C. § 1901 note (1994) as Title One, Article VII, § 174) (hereinafter Compact or § 174) vested this court with jurisdiction to review his case. We concluded in our April 7, 1997 order that the Compact allows a claimant to present to this court a petition for certification of an unpaid judgment entered against the United States by the High Court of the Trust Territory of the Pacific Islands. See § 174(b)(1). We also concluded that nothing in § 174 provides a claimant with the right to present a judgment for certification that is adverse to the claimant. See § 174(c). We thus determined that because Iso Nahnken sought review of a judgment rendered in favor of the United States, Iso Nahnken lacked standing to present the judgment for certification to this court. Iso Nahnken's motion for reconsideration followed. This court directed the United States to file a response.
 
 II.
 DISCUSSION
 
 5
 Beginning in 1947, the United States administered the United Nations Trust Territory of the Pacific Islands, which included the Federated States of Micronesia. See H.R. Rep. No. 99-188(I), at 2-3 (1985), reprinted in 1985 U.S.C.C.A.N. 2746, 2747-48. In 1986, a Compact of Free Association between Micronesia and the United States became effective.[1] Under the Compact, the United States' trusteeship over Micronesia ended, and Micronesia became self-governing.
 
 
 6
 For a brief period thereafter, Congress authorized appropriations in connection with the former Trust Territory government for purposes of facilitating the winding down of governmental operations, including those operations related to the High Court of the Trust Territory of the Pacific Islands. See 48 U.S.C. §§ 1681, 1905(c) (1994). During this transition period, Micronesia continued the development of its own government, which of course included the administration of its own independent legal system. With this historical background in mind, we turn to Iso Nahnken's arguments.
 
 A.
 
 7
 As a threshold matter, the court notes that the April 7, 1997 order denying Iso Nahnken's petition for certification was a nonprecedential order. However, Iso Nahnken in his motion for reconsideration raises the same argument he set out in his petition, as well as two new arguments. Thus, the court addresses all three arguments here. First, Iso Nahnken argues that he may "appeal" to this court under § 174(c). Section 174(b) of the Compact refers to a judgment against the United States. Section 174(b) provides:
 
 
 8
 The Government of the United States accepts responsibility for and shall pay:
 
 
 9
 (1) any unpaid money judgment rendered by the High Court of the Trust Territory of the Pacific Islands against the Government of the Trust Territory of the Pacific Islands or the Government of the United States with regard to any cause of action arising as a result of acts or omissions of the Government of the Trust Territory of the Pacific Islands or the Government of the United States prior to the effective date of this Compact.
 
 
 10
 Section 174(b)(1) (emphasis added.) Section 174(c), which addresses the jurisdiction of this court, provides:
 
 
 11
 Any claim not referred to in Section 174(b) and arising from an act or omission of the Government of the Trust Territory of the Pacific Islands or the Government of the United States prior to the effective date of this Compact shall be adjudicated in the same manner as a claim adjudicated according to Section 174(d).... A judgment on any claim referred to in Section 174(b) or this subsection, not otherwise satisfied by the Government of the United States, may be presented for certification to the United States Court of Appeals for the Federal Circuit, or its successor court, which shall have jurisdiction therefor.... The United States Court of Appeals for the Federal Circuit shall certify such judgment, and order payment thereof, unless its finds, after a hearing, that such judgment is manifestly erroneous as to law or fact, or manifestly excessive. In either of such cases the United States Court of Appeals for the Federal Circuit shall have jurisdiction to modify such judgment.
 
 
 12
 Section 174(c) (emphasis added). Iso Nahnken argues that the phrase "not otherwise satisfied by the Government of the United States" in § 174(c) means that this court has jurisdiction over a judgment in which a claimant did not prevail because it is a judgment not otherwise satisfied by the United States.
 
 
 13
 Contrary to Iso Nahnken's argument, there is no right of appeal to this court following an adverse judgment. Section 174(b)(1) refers to an "unpaid money judgment" for which the United States is liable. The word "otherwise" in § 174(c) refers to an unsatisfied judgment against the United States. Reading the two subsections as a whole, the Compact permits a claimant to present a petition concerning an unpaid judgment entered against the United States to this court for certification. See § 174(c). Here, the judgment was in favor of the United States. Iso Nahnken, therefore, lacks standing to seek certification.
 
 B.
 
 14
 The second issue Iso Nahnken raises concerns the identity of the court from which a petition for certification may lie. Iso Nahnken argues that he may appeal directly to this court from a decision by the Supreme Court of the Federated States of Micronesia's Appellate Division, rather than from a decision of the High Court of the Trust Territory of the Pacific Islands.
 
 
 15
 A judgment issued before the effective date of the Compact, or during the period of time thereafter while cases were still being processed through the Trust Territory court system, was subject to the jurisdiction of the High Court. See 48 U.S.C. § 1905(c); § 174(c); see also Secretarial Order No. 3039, 44 Fed.Reg. 28116, 28118 (1979) (the High Court shall retain jurisdiction to review appeals from the court of last resort of the Federated States of Micronesia, the Marshall Islands, and Palau). Now, by virtue of the termination of the trusteeship agreement, the High Court no longer exists.
 
 
 16
 A claim brought against the United States after the effective date of the Compact, such as the one at issue here, is prosecuted in accordance with § 174(c), which provides that a claim "not referred to in Section 174(b) and arising from an act or omission of ... the Government of the United States prior to the effective date of this Compact shall be adjudicated in the same manner as a claim adjudicated according to Section 174(d)."[2] That is, the claim is litigated to a final judgment by the highest court of the respective freely associated state before a claimant may present a petition for certification to this court. Further, the claim must be in connection with "a commercial activity" when "damages are sought for personal injury or death or damages to or loss of property occurring where the action is brought." Section 174(d). The legislative history of the Compact is elucidating. According to a House of Representatives' report, the Compact
 
 
 17
 provides that the U.S. shall pay Trust Territory high court judgments against the Trust Territory Government or the United States arising from actions or omissions prior to the effective date of the Compact, and settlements of claims against the Trust Territory Government or the United States pending as of the effective date of the Compact.
 
 
 18
 Any other claims against the Trust Territory Government or the United States arising from actions or omissions prior to the effective date of the Compact shall only be adjudicated in the courts of the Freely Associated States if the suit is in connection with commercial activities where personal injury or death or damage to or loss of property is involved. Judgments not satisfied by the United States may be presented for certification to the United States Court of Appeals for the Federal Circuit which decisions shall be reviewable as provided by United States law. The United States Court of Appeals shall order payment of such judgment, unless it is manifestly erroneous in law or fact, or is manifestly excessive. In this situation that court may modify the judgment.
 
 
 19
 See H.R. Rep. No. 99-188(II), at 51, reprinted in 1985 U.S.C.C.A.N. 2876 (emphasis added). Thus, a proper petition for certification may stem from a judgment against the United States issued by the Supreme Court of the Federated States of Micronesia's Appellate Division. That conclusion, however, does not help Iso Nahnken's case here because he does not have standing to seek certification. See § 174(c).
 
 C.
 
 20
 Finally, Iso Nahnken argues that this court has denied him equal protection and due process under the Fourteenth Amendment of the United States Constitution. The basis for his argument is that this court "has interpreted the Compact so as to give the right of appeal only to the United States government." However, as discussed above, there is no "right to appeal" to this court following a judgment adverse to a claimant, and nothing in the Compact grants the United States the right of appeal to this court from a judgment of a Micronesian court. See § 174(c).
 
 
 21
 In sum, the Compact permits a claimant to present a petition concerning an unpaid judgment entered against the United States to this court for certification. See § 174(c). A proper petition for certification may stem from a judgment against the United States issued by the Supreme Court of the Federated States of Micronesia's Appellate Division as discussed above. See § 174(d). Here, the judgment was in favor of the United States. Iso Nahnken, therefore, lacks standing to seek certification.
 
 
 22
 Accordingly,
 
 IT IS ORDERED THAT:
 
 23
 Iso Nahnken's motion for reconsideration is denied.
 
 
 
 [1]
 The Compact also concerns the Marshall Islands. A similar compact between the Republic of Palau and the United States became effective in 1994. See Title II, § 201, Pub.L. No. 99-658, 100 Stat. 3673 (1986) (appears at 48 U.S.C. § 1931 note (1994)); Proclamation No. 6726, 59 Fed.Reg. 49,777 (1994)
 
 
 [2]
 Section 174(d) provides:
 The Government of the Marshall Islands and the Federated States of Micronesia shall not be immune from the jurisdiction of the courts of the United States, and the Government of the United States shall not be immune from the jurisdiction of the courts of the Marshall Islands and the Federated States of Micronesia in any case in which the action is based on a commercial activity of the defendant Government where the action is brought, or in a case in which damages are sought for personal injury or death or damages to or loss of property occurring where the action is brought.